UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| GREG O'NEAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:10-CR-110-TAV-CCS |
| | ) | 3:13-CV-358-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Pro Se Petitioner, Greg O'Neal ("Petitioner") timely filed a Motion to Vacate, Set Aside, or Correct New Sentence pursuant to 28 U.S.C. § 2255 [Doc. 387] filed on June 20, 2013. The Court ordered the United States to respond [Doc. 398], and the United States filed a Response [Doc. 402] filed on August 26, 2013.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

In December 2011, Petitioner pleaded guilty, pursuant to a written plea agreement, to conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) and the United States agreed to move to dismiss the other two counts in the indictment [Docs. 214, 268; *see also* Presentence Investigation Report ("PSR") at ¶¶ 74–75]. As part of his guilty plea, Petitioner acknowledged his responsibility for a quantity of cocaine between five and fifteen kilograms [Doc. 214]. Based on that quantity, Petitioner's base offense level was 32 [PSR ¶ 37]. After a two-level safety-valve reduction and a three-level acceptance-of-responsibility reduction, the total offense level was 27 [Doc. 353]. Petitioner's criminal history category of I yielded an advisory Guidelines range of 70 to 87 months [*Id.*]. Although his offense of conviction required a minimum sentence

of 120 months' imprisonment, this Court had discretion to impose a lesser sentence pursuant to the statutory safety-valve in 18 U.S.C. § 3553(f), and this Court ultimately sentenced petitioner to 70 months' imprisonment, within and at the bottom of his Guidelines range [*Id*.]. Consistent with the terms of his plea agreement [Doc. 214 ¶ 10(a)], Petitioner did not appeal. He has now filed a timely § 2255 motion [Doc. 387].

**II.     STANDARD OF REVIEW**

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to obtain relief under § 2255, a petitioner must establish "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire processing invalid." *Short v. United States,* 471 F.3d 686, 691 (6th Cir. 2006) (internal quotations omitted). In other words, a petitioner cannot prevail unless he shows a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). Under this standard, a petitioner "must clear a significantly higher hurdle [to obtain relief] than would exist on direct appeal." *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)).

Moreover, a petitioner alleging ineffective assistance of counsel must satisfy a two-part test. *Strickland v. Washington*, 466 U.S. 668, 687 (1987); *see also Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, he must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonable effective assistance," *Id.*, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and Petitioner bears

the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound trial strategy") (internal citation omitted).

Second, petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000).

**III. ANALYSIS**

The only relief requested in Petitioner's motion was an evidentiary hearing and resentencing [Doc. 387 p. 13]. The essence of Petitioner's claim is that his counsel allegedly opined that the Court might impose a sentence below the guideline range depending on witness testimony at sentencing [Doc. 387]. Petitioner contends he provided counsel with a list of witnesses but they were not contacted or called. The government notes, and Petitioner has not contested, that three witnesses were called. Petitioner has neither alleged nor shown what the other witnesses would have testified about or that these other witnesses' testimony would have been different or not cumulative. The Court finds, therefore, that Petitioner's allegations are conclusory and unsupported in light of the absence of facts, evidence, or details as to what the various witnesses would have testified to at sentencing.

Furthermore, the Court notes that Petitioner filed a separate Motion to Reduce Sentence requesting his sentence be reduced to 57 months [Doc. 454 p. 4]. The Court granted the Motion

3

for Sentence Reduction and resentenced Petitioner to 57 months' imprisonment [Doc. 461]. In that Order, the Court also noted that the defendant was previously scheduled for release between December 2015, through January 2016. The Court has determined that Petitioner was released from custody as of January 4, 2016.

**IV.    CONCLUSION**

It appears that Petitioner has been released and has received both the re-sentencing and reduction of sentence relief he requested. Accordingly, Petitioner's Motion under 28 U.S.C. § 2255 [Doc. 387] will be **DENIED and DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be take in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). The Clerk of Court will be **DIRECTED** to **CLOSE** case no. 3:13-CV-358.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE